UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDDIE B. COLLINS, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:13-CV-295 RWS-NAB |
| CINDY GRIFFITH[1], | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This action is before the court upon Petitioner Freddie B. Collins, Jr. (Collins) Petition for a Writ of Habeas Corpus (Petition) pursuant to 28 U.S.C. § 2254. [Doc. 1.] Respondent Cindy Griffith (Respondent) filed a response. [Doc. 10.] Collins filed a reply or "traverse." [Doc. 19.] This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). [Doc. 5.] For the reasons set forth below, the undersigned recommends that the Petition be denied.

**I.    Background**

After a jury trial, Collins was convicted of robbery in the first degree, assault in the first degree, and two counts of armed criminal action. (Resp't Ex. B at 73-77.)

The evidence presented at the trial, most favorable to the verdict, is as follows. On April 21, 2005, Rudy Boykins ("Boykins") drove to his home in St. Louis. While parking his car, two men approached him carrying guns. Boykins recognized one of the men as Collins, whose

---

[1] During the pendency of the Petition, Cindy Griffith became the warden at Potosi Correctional Center where Petitioner is incarcerated. Pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, the Respondent is the state officer who has custody. Therefore, the Clerk of Court is ordered to add Cindy Griffith as the Respondent and remove Troy Steele's name.

brother, Ryan Collins, lived above Boykins. Collins ordered Boykins to get out of the car. After Boykins had done so, Collins struck him in the head with a shotgun. Collins then took Boykins' wallet, keys, and identification before he ordered Boykins to take them to his downstairs apartment. When inside the apartment, Collins struck Boykins in the head again. Collins and the other man then stole all of Boykins' personal belongings. Collins and the other man took turns holding Boykins at gunpoint and removing items from Boykins' apartment.

After robbing Boykins of his personal belongings in the apartment, Collins or the other man told him to get down on his knees. Boykins was then shot in the spine. Collins and the other man then left the apartment. Boykins went across the street to a church where he called the police.

During the subsequent police investigation, Boykins identified Collins by name, by selecting his photo in a photo lineup, and in a physical lineup. While Collins did not testify during the trial, Collins introduced evidence from two men, John Kamler and Charles LeBoeuf, who testified that they saw Boykins get pushed out of a car with a smashed front-end on April 21, 2015. The state did not present any rebuttal evidence to these witnesses.

After the jury found Collins guilty on all counts, the trial court sentenced Collins to twenty-five years for first-degree robbery, twenty-five years for first-degree assault, and ten years for each of the two counts of armed criminal action. (Resp't Ex. B at 73-77.) These sentences run concurrently. *Id.*

Collins filed a direct appeal to the Missouri Court of Appeals, which denied his request for relief. (Resp't Exs. C, E.) Collins then filed an amended Rule 29.15 Motion for post-conviction relief, which was denied after an evidentiary hearing. (Resp't Ex. F at 23-46, 50-55.) Collins appealed the circuit court's denial of his Rule 29.15 Motion to the Missouri Court of

Appeals. (Resp't Ex. H.) The Missouri Court of Appeals affirmed the circuit court's denial of the Rule 29.15 motion. (Resp't Ex. J.) Collins then filed a Petition for Writ of Habeas Corpus in this court on February 15, 2013. [Doc. 1.]

## II. Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to 28 U.S.C. § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or (2) resulted in a decision of that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings." 28 U.S.C. § 2254(d). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

For purposes of § 2254(d)(1), the phrase "clearly established federal law refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). "In other words, clearly established federal law under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or unreasonably applied. *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). A state court decision is an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case. *Id.* (citing *Williams*, 529 U.S. at 407–408). "A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable." *Penry*, 532 U.S. at 793. "A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Evanstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006). A "readiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). AEDPA's highly deferential standard demands that state court decisions be given the benefit of the doubt. *Id.*

### III. Discussion

Collins presents five claims for habeas relief. First, Collins asserts that he received ineffective assistance of counsel, because his trial counsel failed to request to strike a question, admonish the jury, or move for a mistrial after the prosecutor asked a prejudicial question of a defense witness that affected the outcome of his trial. Next, Collins asserts that the trial court made four errors. Collins contends that the trial court erred in failing to *sua sponte* declare a

4

mistrial, overruling a motion for supplemental discovery and Boykins' medical records, and overruling his motion for judgment of acquittal at the close of the evidence.

The Respondent contends that all of Collins' claims are without merit. The Respondent also asserts that Collins' claim that the trial court erred in failing to *sua sponte* declare a mistrial is procedurally defaulted because Collins did not request further relief during the trial and the Missouri Court of Appeals declined to review the claim on direct appeal.

### A.    Ineffective Assistance of Counsel

First, the undersigned will address Collins' ineffective assistance of counsel claim. Collins claims that trial counsel was ineffective for failing to object, to strike, or move for a mistrial after the prosecutor asked witness John Kamler if he had any idea that the Defendant's brother, Ryan Collins, was found driving the car Kamler identified as the car that Boykins was pushed from on the date of the incident.

To succeed in a claim "that counsel's assistance was so defective as to require reversal of a conviction," a petitioner must establish (1) that the trial counsel's performance fell below an objective standard of reasonableness and (2) that this deficient performance prejudiced the Petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The "performance" component of *Strickland* requires a showing that "counsel's representation fell below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688. To satisfy this prong, a petitioner must first identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690. The court must then examine the totality of the circumstances in order to determine whether "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* In making this determination, the court should recognize that trial

counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

To satisfy the "prejudice" component of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Such "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In determining whether prejudice exists, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695. Further, the court "should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge and jury acted according to the law." *Id.* at 694.

It is important to note that "there is no reason for a court deciding an ineffective assistance claim to approach the [two-pronged] inquiry in [a pre-determined] order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. It is unnecessary, therefore, to prove that counsel's performance fell below an objective standard of reasonableness before determining the presence or absence of resulting prejudice.

The exchange between Kamler and the prosecutor occurred as follows:

> **Prosecutor**: So, you have no idea who owned that car?
> **Kamler**: Correct.
> **Prosecutor**: And you have no idea who would be in possession of that car? Who drives that car?
> **Kamler**: That's right.
> **Prosecutor**: You would have no idea that some months later, the Defendant's brother, Ryan Collins…
> **Trial Counsel**: I am going to object.
> **Prosecutor**: was found driving the car with that license plate on it?

> **Court**: Now Mr. Minnigerode, you know when he objects you got to stop your question; okay? So take it down a notch. What is the objection?
> **Trial Counsel**: Assuming facts not in evidence, Judge, and the alternate ground would be hearsay.
> **Court**: Can you lay a foundation for this, Mr. Minnigerode?
> **Circuit Attorney**: I can on the – on the rebuttal, Your Honor. Not with this particular witness, no.
> **Court**: I'm going to sustain the objection. You're going to have to prove it some other way.

(Resp't Ex. A at 297-98.)

Based on a review of the record and the proceedings below, the undersigned finds that Collins' ineffective assistance of counsel claim fails on the merits. Collins cannot establish that his counsel's conduct was outside the range of professionally competent assistance. Collins' trial counsel objected to the prosecutor's question and the objection was sustained. The witness did not respond to the question. During jury deliberations, the jury submitted a question to the trial court asking whether the objection was sustained or overruled. The court's responded to the jury's question by writing a note that the objection was "sustained." During Collins' post-conviction hearing, trial counsel testified that the defense theory was reasonable doubt. (Resp't Ex. G at 6.) Trial counsel stated that he wanted to show that the victim was not telling the whole truth. (Resp't Ex. G at 6.) Trial counsel testified that, in his opinion, Kamler's testimony showed or tended to show that Boykins was lying and that was reasonable doubt for the jury to acquit Collins. (Resp't Ex. G at 14.) Trial counsel stated that he did not move for a mistrial after the testimony, because Kamler's testimony supported the defense theory that Boykins was lying. (Resp't Ex. G at 17-18.)

"Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the range of reasonable professional judgment."

7

*Forrest v. Steele*, 764 F.3d 848, 853 (8th Cir. 2014). A reviewing court "must look beyond the distorting effects of hindsight." *Sherron v. Norris*, 69 F.3d 285, 290 (8th Cir. 1995). "When defense counsel does not have a solid case, the best strategy can be to say that there is too much doubt about the State's theory for a jury to convict." *Harrington v. Richter*, 562 U.S. 86, 111 (2010). "A claim of ineffective assistance cannot be based on decisions that relate to a reasoned choice of trial strategy, even when it later may be shown improvident." *Sherron*, 69 F.3d at 290 (citing *Hayes v. Lockhart*, 766 F.2s 1247, 1251 (8th Cir.), *cert denied*, 474 U.S. 922 (1985)). Although in hindsight Collins' counsel could have asked the court to strike the question and admonish the jury, or asked for a mistrial; it was not ineffective assistance of counsel not to do so. Admonishment from the Court may have drawn further attention to the prosecutor's comment that the car identified by Kamler was driven by Collins' brother. Collins has failed to demonstrate that his trial counsel's representation fell below an objective standard of reasonableness.

The Missouri Court of Appeals reviewed this claim and held that trial counsel employed reasonable trial strategy when he decided not to request the trial court to strike the question, admonish the jury, or move for a mistrial. (Resp't Ex. J at 7-8.) The state court's holding resulted in a decision that was neither contrary to nor involved an unreasonable application of clearly established federal law. Nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, the undersigned recommends that the Court deny relief for Collins' ineffective assistance of counsel claim.

### B. Trial Court Error

#### 1. Supplemental Discovery of Boykins' Medical Records

Next, the undersigned will address Collins' claims regarding discovery. Before trial, Collins issued subpoenas to several health care providers requesting Boykins' psychiatric and other mental health records. (Resp't Ex. B at 29, 36.) The health care providers filed motions to quash the subpoenas. (Resp't Ex. B at 26-37.) Collins filed a supplemental motion for disclosure. (Resp't Ex. B at 24-25.) In support of the motion, Collins stated the purpose for the discovery was to determine if the records bear upon Boykins' credibility. The trial court then conducted a *in camera* review of Boykins' confidential psychiatric medical records. (Resp't Ex. B at 46.) The trial court held that "nothing in the records constitute evidence from which a reasonable juror could determine that the testimony of [Boykins] could not be believed" or "that [he] has a mental disease or defect that significantly impairs his ability to testify truthfully." (Resp't Ex. B at 46.) The trial court found that his psychiatric records were "legally and logically irrelevant and not discoverable by the parties." (Resp't Ex. B at 46.) The trial court granted the motion to quash discovery. (Resp't Ex. B at 46.) Just before trial, the trial court denied Collins' renewed motion for disclosure seeking the psychiatric records relating to Boykins' treatment.[2] (Resp't Ex. B at 48.) Based on state law, the Missouri Court of Appeals held that the trial court did not err in denying Collins' discovery motions, because Collins failed to show that the medical records were favorable to him, relevant, and material. (Resp't Ex. E at 3-4.)

---

[2] Collins' renewed motion for discovery is not included in the legal file, but it is referred to in a trial court order denying the motion. (Resp't Ex. B at 48.)

"It is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. The Missouri courts' resolution of the claim was based entirely on state law. Collins has not pleaded a constitutional violation or demonstrated why the state courts' decisions, based on the application of state law, were contrary to, or an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court. *See Newton v. Kemna*, 354 F3.d 776, 783 (8th Cir. 2004) (state court's denial of defendant's discovery request of witness' psychiatric records to determine her competency not cognizable in federal habeas petition). Therefore, the undersigned recommends that this claim be denied.

### 2. Motion for Judgment of Acquittal

Then, Collins argues that the trial court erred in denying his motion for acquittal at the close of evidence. Collins claims that there was insufficient evidence from which a reasonable juror could have found him guilty as a matter of law, the state's evidence was not credible, and the state failed to meet the burden of proof on each of the elements of the crimes he was convicted of. Respondent contends that the state court's determination is reasonable and should be given deference under 28 U.S.C. § 2254(d).

The Due Process Clause of the Fifth Amendment provides that no one can be deprived of liberty without due process of law and the Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. Const. amend. V, VI. "[These] provisions require criminal convictions to rest upon a jury

determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *U.S. v. Gaudin*, 515 U.S. 506, 510 (1995).

"In the interests of finality and federalism, federal habeas courts are constrained by [AEDPA] to exercise only a limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005). State law defines the elements of state law crimes. *Fenske v. Thalacker*, 60 F.3d 478, 480 (8th Cir. 1995). "A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by federal courts, as is any judgment affirming a criminal conviction." *Jackson v. Virginia*, 443 U.S. 307, 323 (1979).

A state prisoner is entitled to habeas corpus relief if the court finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 324. The court must presume that the trier of fact resolved all conflicting inferences in favor of the state and the court must defer to that resolution. *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003). In reviewing the sufficiency of the evidence, the court is "not permitted to conduct its own inquiry into witness credibility; that is a task reserved to the [fact finder]." *Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir. 2000).

Collins was convicted of robbery in the first degree, assault in the first degree, and two counts of armed criminal action. (Resp't Ex. B at 88-90.) Under Missouri law, "[a] person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime, (1) [c]auses serious physical injury to any person; (2) [i]s armed with a deadly weapon; (3) [u]ses or threatens the immediate use of a dangerous instrument against any person; or (4) [d]isplays or threatens the use of what appears to

be a deadly weapon or dangerous instrument." Mo. Rev. Stat. § 569.020. Robbery in the first degree is a felony under Missouri law. *Id.* Under Missouri law, "[a] person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Mo. Rev. Stat. § 565.050. Under Missouri law, "any person who commits any felony under the laws of… [the] state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action." Mo. Rev. Stat. § 571.015. Robbery in the first degree and assault in the first degree are felonies under Missouri law. Mo. Rev. Stat. §§ 565.050, 569.020. The jury received instructions from the court on the elements of these crimes. (Resp't Ex. B at 53-57.)

After viewing this evidence in a light most favorable to the prosecution, *any* rational juror could have concluded that Collins was guilty of robbery in the first degree, assault in the first degree, and armed criminal action under Missouri law. Boykins testified that he knew Collins and identified him by name as one of the people who attacked and robbed him. The cumulative evidence provided more than enough evidence to allow the jurors to find Collins guilty of the crimes charged beyond a reasonable doubt. Therefore, the undersigned finds that the state appellate court's findings and conclusions were not contrary to, nor do they involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The state court's findings are consistent with federal constitutional standards and the undersigned recommends that this claim be denied.

### 3. *Sua Sponte* Declaration of Mistrial

Finally, Collins asserts that the trial court should have declared a mistrial *sua sponte* when the prosecutor mentioned that Collins' brother was found driving the vehicle Kamler described in his testimony. Respondent contends that Collins has defaulted this claim in state court. As detailed above, Collins' trial counsel objected when the prosecutor mentioned Collins' brother being found in the car identified by Kamler as driving away from the scene. (Resp't Ex. A at 297-98.) The trial court sustained the objection. (Resp't Ex. A at 297-98.) At that time, Collins' trial counsel did not request any additional relief. (Resp't Ex. A at 297-98.) Collins did not seek any additional relief until his post-trial motion for acquittal or in the alternative motion for a new trial. (Resp't Ex. B at 68.) The Missouri Court of Appeals held that this claim was not entitled to plain error review, because it did not find facially substantial grounds to believe that a manifest injustice or miscarriage of justice occurred. (Resp't Ex. E at 5-6.)

A state prisoner seeking federal habeas relief must first exhaust the remedies available in the courts of the state, thereby affording those courts the first opportunity to address and correct alleged violations of the prisoner's federal rights. *Walker v. Martin,* 562 U.S. 307, 315 (2011). This court is barred from reviewing Collins' claim if the state court finds that his claim is defaulted under state law, even if the state court reviewed his claim under plain error review. *Hayes v. Lockhart*, 766 F.2d 1247, 1252-53 (8th Cir. 1985). The burden of justifying federal habeas relief for state prisoners is greater than the plain error showing required on direct appeal. *Id.* at 1253. Collins did not preserve this claim for review. The Missouri Court of Appeals declined to review the claim for plain error. Therefore, Collins's claim is defaulted.

To overcome the default, a defendant must demonstrate either cause and actual prejudice as a result of the alleged violation of federal law, or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause for the default, defendant must demonstrate that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488 (1986).

In his reply/traverse, Collins claimed that trial and post-conviction counsel abandoned him and he received ineffective assistance of post-conviction counsel. While ineffective assistance of counsel constitutes cause for a procedural default, the exhaustion doctrine generally requires that an ineffective assistance claim be presented to the state courts as an independent claim before it may be used to establish cause of a procedural default in federal habeas proceedings. *Id*. at 489. An ineffective assistance of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted. *Edwards v. Carpenter,* 529 U.S. 446, 453 (2000). This procedural default may be excused if the prisoner can then satisfy the cause-and-prejudice standard with respect to that claim. *Id.*

Collins contends he was abandoned by his trial counsel, because counsel failed to object, to strike, or move for a mistrial after improper questioning by the prosecutor. The undersigned has already found that trial counsel's inaction did not constitute ineffective assistance of counsel. Collins states that his trial counsel failed to provide him with a "true copy" of his client file. Collins also states that he was not "constitutionally afforded investigative work by his attorneys and not afforded an understanding of post-conviction strategy. Collins does not provide any supporting information for these assertions so they will not be considered further. Moreover, these actions would not meet a standard for abandonment of counsel. *Cf. Maples v. Thomas*, 132

14

S.Ct. 912, 922-927 (2012) (complete abandonment by counsel constituted cause for procedural default). Therefore, Collins' claim of abandonment by trial counsel cannot excuse the procedural default of this claim.

Collins also claims that he received ineffective assistance of post-conviction counsel. Section 2254(i) provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). The Supreme Court has recognized a limited exception to this rule. In *Martinez v. Ryan*, the Supreme Court held:

> Where under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial, if in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez v. Ryan,* 132 S.Ct. 1309, 1320 (2012). The Eighth Circuit has held that *Martinez* does not stand for the proposition that the failure to preserve claims on appeal from a post-conviction proceeding can constitute cause. *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (citing *Martinez*, 132 S.Ct. at 1320) (holding does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings). In his reply/traverse, Collins states that "post-conviction counsel abandoned him by failing to preserve claim[] to be adjudicated on the merits on appeal and/or federal habeas corpus review." It is unclear what "claim" Collins is referring to. But, the undersigned has already found that Collins' claims of ineffective assistance of trial counsel lacked merit.

Lastly, Collins has not presented evidence to support a miscarriage of justice claim. To constitute a miscarriage of justice, Collins must show that a constitutional violation has probably

15

resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Other than Collins' allegations, there is no evidence supporting a claim of actual innocence. As Collins has not presented any evidence demonstrating cause or actual prejudice for his procedural defaults or exhibiting a fundamental miscarriage of justice, this claim for *sua sponte* declaration of mistrial cannot be evaluated for federal habeas review.

## IV. Conclusion

For the reasons set forth above, the undersigned recommends that Collins' claims for relief be denied. Because Collins has made no showing of a denial of a constitutional right, the undersigned does not recommend that a certificate of appealability be issued in this matter. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petition for Writ of Habeas Corpus be **DENIED**. [Doc 1]

**IT IS FURTHER RECOMMENDED** that, for the reasons stated herein, any motion by Petitioner for a Certificate of Appealability be **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Cindy Griffith in place of Troy Steele as Respondent.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix,* 897 F.2d 356 (8th Cir. 1990).

Dated this 23rd day of October, 2015.

      /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE