UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDDIE B. COLLINS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:13-CV-295 RWS |
| ) | |
| CINDY GRIFFITH, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

Petitioner Freddie B. Collins, Jr. seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Collins' petition asserts five grounds for relief. I referred this matter to United States Magistrate Judge Nannette A. Baker for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On October 23, 2015, the Magistrate Judge filed her recommendation that Collins' habeas petition should be denied.

On January 4, 2016, Collins filed objections to the Report and Recommendation.[1] I have conducted a *de novo* review of all matters relevant to the petition. I find that the Magistrate Judge correctly analyzed Collins' grounds for relief and correctly applied the law in reaching her recommendation. After

---

[1] I gave Collins leave to file the objections out of time.

careful consideration, I will adopt and sustain the thorough reasoning of the Magistrate Judge and will deny Collins' habeas petition.

## Background

A jury found Collins guilty of robbery in the first degree, assault in the first degree, and two counts of armed criminal action. Collins was sentenced to twenty-five years for first-degree robbery, twenty-five years for first-degree assault, and ten years for both counts of armed criminal action, each to run concurrently. As a result, Collins' total sentence is twenty-five years imprisonment.

Following the jury trial, Collins filed a direct appeal to the Missouri Court of Appeals. The Court of Appeals denied his request for relief. Subsequently, Collins filed an amended Rule 29.15 motion for post-conviction relief with the trial court. The trial court denied his post-conviction relief motion after an evidentiary hearing. Collins appealed the trial court's denial of the motion for post-conviction relief to the Missouri Court of Appeals. The Missouri Court of Appeals affirmed the trial court's decision, denying Collins' Rule 29.15 motion. Collins filed a petition for writ of habeas corpus with this Court on February 15, 2013.

Collins' petition asserts five grounds for relief:

(1) Collins received ineffective assistance of counsel because the prosecutor asked a prejudicial question and Collins' counsel failed to strike the question or move for a mistrial after the question was objected to and sustained.

(2) The trial court erred by failing to *sua sponte* declare a mistrial when the prosecutor suggested he would use a rebuttal witness to lay a foundation to his sustained question, but failed to do so.
(3) The trial court erred in overruling Collins' motion for supplemental discovery for the trial court to conduct an *in camera* review of certain records.
(4) The trial court erred in overruling Collins' supplemental motion for discovery for Collins to review certain records.
(5) The trial court erred in overruling Collins' motion for judgment of acquittal at the close of all evidence.

## Discussion

### A. Ineffective Assistance of Counsel

In Collins' first ground for relief, he alleges that he received ineffective assistance of counsel because the prosecutor asked a witness a prejudicial question and after Collins' counsel objected, he failed to move to strike the question from the record or move for a mistrial. (Resp't Ex. A at 297).

Collins' trial counsel testified he did not move for mistrial because the defense's theory was that the victim was lying and failed to have a consistent story, and this question did not hurt or impede the theory. (Resp't Ex. G at 13). The Missouri Court of Appeals and the Magistrate Judge found that Collins' trial counsel's decision not to move for a mistrial was a reasonable trial strategy because this question did not prevent the defense from casting reasonable doubt on the prosecution's case. The Magistrate Judge correctly applied the standards of

*Strickland* to find that Collins did not establish ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Collins objects to the Magistrate Judge's finding there was not ineffective assistance of counsel. However, Collins' objection merely mirrors the arguments in his petition and does not present any new legal argument for relief. As a result, because I have already analyzed and concluded that the Magistrate Judge's finding that there was no ineffective assistance of counsel is correct, I will overrule Collins' objection on this issue and deny any habeas relief for ground one.

**B. Trial Court Errors**

In Collins' second ground for relief, he claims that the trial court erred by not *sua sponte* declaring a mistrial when the prosecutor suggested he would use a rebuttal witness to lay a foundation to his sustained question, but failed to do so. However, as the Missouri Court of Appeals and the Magistrate Judge explained, this claim is procedurally defaulted because Collins did not preserve this claim for review. (Resp't Ex. E at 5; R. & R. at 13). In order to preserve a claim for review, a petitioner must exhaust all remedies in the state courts before federal habeas relief can be granted.[2] *Walker v. Martin*, 562 U.S. 307, 315 (2011); 28 U.S.C. §

---

[2] A claim must be presented at each step of the judicial process in state court to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). Collins did not preserve this claim for review by the Missouri Court of Appeals because he failed to make a timely and specific objection at trial. *State v. Irby*, 254 S.W.3d 181, 188 (Mo. App. E.D. 2008).

2254(b)(1)(A). Since Collins failed to preserve this claim in his direct appeal to the Missouri Court of Appeals, this claim is procedurally defaulted.[3]

Collins objects to the Magistrate Judge finding of no error in the court's decision not to *sua sponte* declare a mistrial. However, Collins again simply restates the arguments in his petition. As I have already found the Magistrate Judge correctly analyzed and denied this ground for relief, Collins' objection is overruled and I will deny any habeas relief for ground two.

In Collins' third and fourth grounds for relief, he argues that the trial court erred by not conducting an *in camera* review of the victim's psychiatric records and erred by denying Collins' motion for supplemental discovery to review these records. When the trial court ruled on this motion, it held that these records were not discoverable and irrelevant to the case. (Mot. Lim. at 8).

The Magistrate Judge found that, contrary to Collins' claim, the trial court *did* conduct an *in camera* review of the victim's most recent psychiatric records to reach that conclusion. (Resp't Ex. B at 47). The trial court received the victim's most recent psychiatric records from St. Anthony Hospital, which explained the victim's current condition, outlined his psychiatric history, and described how the hospital conducted full psychiatric diagnostic testing. (Mot. Lim. at 7). The trial

---

[3] Mistrial is a "drastic remedy and should be employed only in the most extraordinary circumstances." *State v. Brooks*, 960 S.W.2d 479, 491 (Mo. 1997). The Missouri Court of Appeals held this claim was not entitled to a plain error review to overcome the procedural default, as it didn't find substantial grounds for manifest injustice or miscarriage of justice. *Irby*, 254 S.W.3d at 192. (Resp't Ex. E at 5-6).

court concluded it did not need to review the victim's entire past records from two other hospitals because by reviewing the most current records the court could properly conclude the records had no bearing on the case. Based on state law, the Missouri Court of Appeals held that the trial court did not err in denying Collins' discovery motions. It is not the duty of a federal habeas court to reassess state court determinations based on questions of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The Magistrate Judge correctly applied the standard of *Estelle* in denying these claims.

Collins objects to the Magistrate Judge's finding that the trial court correctly overruled the motion for supplemental discovery. Collins argues that his due process rights were violated by the court's failure to conduct a full *in camera* review of the victim's psychiatric records. His objection modifies his original ground for relief by arguing the trial court should have reviewed all of the victim's records from two other hospitals, in addition to the most recent hospital records. As stated above, the trial court did conduct an *in camera* review of the records but did not go through the victim's records from two additional hospitals. (Mot. Lim. at 6). The trial court found that examining the most recent records sufficiently explained the victim's psychiatric history and showed there was no relevant value by allowing this evidence to be discoverable and violating the victim's right to privacy. (Mot. Lim. at 8). Collins has not pled a constitutional violation or

6

explained why the state court's decision was contrary to clearly established federal law. *See Estelle*, 502 U.S. at 67; *Newton v. Kemna*, 354 F.3d 776, 781 (8th Cir. 2004). As a result, Collins' objection is overruled and I will deny any habeas relief for grounds three and four.

Finally, in Collins' fifth ground for relief, he argues the trial court erred in overruling his motion for judgment of acquittal at the close of evidence. In challenging a state criminal conviction under 28 U.S.C. § 2254, it is well established that the defendant "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 433 U.S. 307, 324 (1979); *see also Cavazos v. Smith*, 565 U.S. 311, 313 (2011); *Parker v. Matthews*, 132 U.S. 2148, 2152 (2012). It is the jury's responsibility, not the court's, to decide factual conclusions during trial. *Cavazos*, 132 U.S. at 313. Additionally, a federal court may not overturn a state court decision rejecting the sufficiency of the evidence challenge simply because the federal court disagrees with the state court. *Id.* "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68. The Magistrate Judge correctly concluded that any rational juror could have found Collins guilty beyond a reasonable doubt

7

of robbery in the first degree, assault in the first degree, and both counts of armed criminal action.

Collins objects to the Magistrate Judge's finding that his motion for judgment of acquittal was properly denied. However, Collins' objection merely restates arguments made in his petition. Since I have already found the Magistrate Judge properly concluded the motion was correctly denied, this objection is overruled and the claim is denied.

## **Conclusion**

I have carefully reviewed the Magistrate Judge's Report and Recommendation and find that the Magistrate Judge correctly concluded that Collins' Petition for habeas relief should be denied. I have conducted *de novo* review of Collins' objections and find that they are without merit for the same reasons stated in the Report and Recommendation. Collins' objections are overruled, and I adopt and sustain the Magistrate Judge's thorough reasoning in her Report and Recommendation.

I have also considered whether to issue a certificate of appealability based on the claims raised in Collins' habeas petition. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is showing the issues are debatable among reasonable jurors, a

court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). Collins failed to make such a showing on the grounds raised in his petition. I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Freddie B. Collins, Jr.'s Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of March, 2016.